UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MAURICE ROBERT LOPPE, | CASE NO. 1:14 CV 259 |
| Plaintiff, | JUDGE JAMES S. GWIN |
| v. | |
| | MEMORANDUM OF OPINION |
| RICHLAND CORRECTIONAL INSTITUTION, et al., | AND ORDER |
| Defendants. | |

**I. INTRODUCTION**

On February 7, 2014, plaintiff *pro se* Maurice Robert Loppe, an inmate at the Richland Correctional Institution ("RiCI"), filed the above-captioned action against RiCI, the Ohio Department of Rehabilitation & Correction, and "Official, Administrative Staff and Correctional Officers." Plaintiff cites 42 U.S.C. § 1983, 42 U.S.C. § 2000e, the Racketeer Influenced and Corrupt Organizations Act, and the Fair Debt Collection Practices Act. He also cites various common law theories, and the Uniform Commercial Code, in support of his claims.

The extensive complaint is unclear, as its allegations are quite disjointed. In general, Plaintiff alleges that Black Muslims are not extended certain, unspecified privileges that RiCI gives other religious groups. He states that a correctional officer stopped him from praying at a "back wall" away from noise and other cell block distractions. RiCI's chaplain told him he would have to prove his religious beliefs and have an imam write a letter to verify he is Muslim.

Plaintiff also says he has been excessively searched by a particular white correctional officer. He overheard RiCI Correctional Officer Sheppart use a racially derogatory term. In July 2013, the power at RiCI was shut off during certain hours for three days during a hot spell. These outages were especially difficult for fasting Black Muslim inmates. A white female correctional officer asked plaintiff a question about his religion and, when he did not answer, she said he was a "fake Muslim." Plaintiff believes he does not receive sufficient amounts of food, and that the food is of poor quality. Four correctional officers have been the subject of numerous inmate complaints about verbal abuse, and three of these correctional officers have cursed at plaintiff. A legal motion plaintiff mailed to the Lorain County Court of Common Pleas was returned for insufficient postage. Correctional Officer Brocko pushed plaintiff out of a restroom, telling him the restroom was closed. Money has been removed from plaintiff's prisoner account without his consent for court costs. He believes there is a conspiracy among RiCI and ODRC administrators to mistreat and oppress him and other inmates.

## II. LAW AND ANALYSIS

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

A cause of action fails to state a claim upon which relief my be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the pleading are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but the complaint must provide

more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009).  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*

Moreover, principles requiring generous construction of *pro se* pleadings are not without limits.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements.  *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  *Beaudette*, 775 F.2d at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

Even construing the pleading filed in this case liberally in a light most favorable to plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it simply does not contain allegations reasonably suggesting he might have a valid federal claim.  *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).  Further, while supplemental jurisdiction exists in federal district courts whenever state law and federal law claims derive from the same nucleus of operative facts and considerations of judicial economy dictate having a single trial, *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966), the federal court may exercise discretion in hearing state law matters.  *Id.* at 726.  However, in cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed.  *Id.*  Having determined plaintiff does not set forth a colorable federal claim, this court declines supplemental jurisdiction to address any state law claims he seeks to assert.

## III. CONCLUSION

Accordingly, this action is dismissed without prejudice under section 1915A. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

        IT IS SO ORDERED.


Date: July 22, 2014　　　　　　　　　　　s/ James S. Gwin
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE